UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PAUL LOUGH
1495 State Road 467
Clovis, NM 88101
   Plaintiff

v.

CIVIL ACTION NO.

BNSF RAILWAY COMPANY
2650 Lou Menk Drive
Fort Worth, TX 76131-2830
   Defendant.

## COMPLAINT AND JURY DEMAND

  COMES NOW the plaintiff, PAUL LOUGH, by and through his undersigned counsel, and claims of the defendant an amount in excess of the statutory arbitration limits and avers the following:

  1. Plaintiff, PAUL LOUGH, is an adult individual residing in Clovis, New Mexico.

  2. Defendant, BNSF RAILWAY COMPANY, a subsidiary of Berkshire Hathaway, Inc., is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the State of New Mexico.

  3. At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant as a Conductor/Engineer in furtherance of the carrier's business of interstate

commerce and transportation by railroad.

4.     This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., and the Locomotive Boiler Inspection Act, 45 U.S.C.A. §§23, et seq., recodified in 49 U.S.C.A. §§20701, et seq.

5.     On or about April 28, 2013, at or near Amarillo, Texas, plaintiff was working in the course and scope of his employment as a Conductor for the Defendant, and while detraining from one of Defendant's locomotives, plaintiff was caused to sustain severe personal injuries to his left ankle.

6.     Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject equipment, train, car, engine, locomotive, steps, in a reasonably safe condition;

(b)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(c)     failing to warn plaintiff of the dangerous and/or hazardous condition of the work area, including but not limited to the dangerous and/or hazardous condition of the equipment, train, car, engine, locomotive, steps at issue;

(d)     failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject equipment, train, car, engine, locomotive, steps, as described above, when

the defendant knew or should have known that said conditions existed;

(e) failing to use ordinary care to service and/or maintain the equipment, train, car, engine, locomotive, steps, in a reasonably safe condition and in a condition free from the presence of unsafe working conditions;

(f) failing to use ordinary care to properly inspect the equipment, train, car, engine, locomotive, steps, to ensure that same was in reasonably safe condition;

(g) failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject equipment, train, car, engine, locomotive, steps;

(h) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the equipment, train, car, engine, locomotive, steps;

(I) failing to provide adequate space for plaintiff to work due to the presence of a dangerous condition;

(j) failing to warn plaintiff and/or other similarly situated persons that the equipment, train, car, engine, locomotive, steps was improper, defective and/or otherwise dangerous;

(k) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous footing condition;

(l) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to allow Plaintiff to perform the duties of his employment in a reasonably safe manner by failing to provide Plaintiff with the proper tools and/or equipment;

(m) failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring Plaintiff to perform his assigned job tasks in an area made unsafe due to the lack of proper tools, safety gear, and/or equipment;

(n) failing to warn Plaintiff of the dangerous and/or hazardous condition of the Plaintiff's work area, which was made unsafe due to the lack of proper tools, safety gear, and/or equipment;

(o) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, as described above, when Defendant knew or should have known that said conditions existed;

(p) failing to use ordinary care to properly inspect the tools, safety gear, and/or equipment Plaintiff was using to perform the duties of his employment to ensure that same were in reasonably safe condition and proper;

(q) failing to discover, in the exercise of reasonable care, the defective, dangerous, and/or hazardous conditions of the tools, safety gear, and/or equipment Plaintiff was using to perform the duties of his employment;

(r) failing to provide adequate space for Plaintiff to work due to the presence of a dangerous conditions described above;

(s) failing to maintain the tools, safety gear, and/or equipment Plaintiff was using to perform the duties of his employment;

(t) failing to provide Plaintiff with a reasonably safe place to work by requiring Plaintiff to perform his job duties with improper and defective tools, safety gear, and/or equipment, which posed an unreasonable risk of harm to Plaintiff;

(u)  failing to use ordinary care to furnish Plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring Plaintiff to perform his assigned job tasks without tools, safety gear, and/or equipment;

(v)  failing to warn Plaintiff against the dangerous and/or hazardous conditions of performing the duties of his employment without proper tools, safety gear, and/or equipment;

(w)  failing to provide Plaintiff with proper tools, safety gear, and/or equipment to safely perform the duties of his employment, when Defendant knew or should have known that said tools, safety gear, and/or equipment were necessary for Plaintiff to safely perform the duties of his employment;

(x)  failing to use ordinary care to ensure that Plaintiff had the proper tools, safety gear, and/or equipment to perform the duties of his employment;

(y)  failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance and operation of the tools, safety gear, and/or equipment, which Plaintiff uses in the performance of the duties of his employment;

(z)  failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the maintenance and operation of the tools, safety gear, and/or equipment, which Plaintiff uses in the performance of the duties of his employment;

(aa)  failing to provide Plaintiff with a reasonably safe place to work by requiring Plaintiff to perform his job duties without the proper tools, safety gear, and/or equipment, which posed an unreasonable risk of harm to Plaintiff;

(bb)  failing to properly train Plaintiff on the proper use and operation of the tools, safety gear, and/or equipment, which Plaintiff utilizes in the performance of the duties of his employment;

(cc)  failing to provide Plaintiff with proper training so that he could safely perform the duties of his employment;

(dd)  failing to use ordinary care to ensure that Plaintiff had the proper training to perform the duties of his employment; and

(ee)  failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of a dangerous working condition which posed an unreasonable risk of harm to plaintiff.

7. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, plaintiff suffered injuries to his left ankle, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

8. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

9. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

10. As a direct and proximate result of the negligence, carelessness, recklessness and/or

unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

11. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff demands judgment in his favor and against defendant in an amount in excess of the statutory arbitration limits as compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

THE FINE LAW FIRM

By: Charlotte L. Itoh, Esq. for
David Fine, Esquire
The Fine Law Firm
220 9th St NW
Albuquerque, NM 87102
Phone: 505 243.4541

Dated:

OF COUNSEL:   **BARISH ◆ ROSENTHAL**
Anthony M. DiGiulio, Esquire
1717 Arch Street, Suite 4020
Philadelphia, PA 19103